## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| SPECIAL OLYMPICS OHIO, INC., | : | |
| 921 Eastwind Drive, Suite 120 | : | |
| Westerville, Ohio 43081 | : | |
| | : | |
| *Plaintiff*, | : | Case No. 2:25-cv-453 |
| | : | |
| vs. | : | |
| | : | |
| | : | PLAINTIFF'S COMPLAINT WITH |
| OHIO MILLS CORP., | : | JURY DEMAND ENDORSED |
| 1719 East 39th Street | : | HEREON |
| Cleveland, Ohio 44114 | : | |
| C/o Ronald Katz \| Statutory Agent | : | |
| 1719 East 39th Street | : | |
| Cleveland, Ohio 44114 | : | |
| | : | |
| and | : | |
| | : | |
| Ronald Katz \| Statutory Agent | : | |
| 24960 Fairmount Blvd | : | |
| Beachwood, Ohio 44122 | : | |
| | : | |
| *Defendant*. | : | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

NOW COMES Plaintiff Special Olympics Ohio, Inc., by and through undersigned counsel, and for its Complaint for damages for trademark infringement under federal and state law, violation of Ohio Deceptive Trade Practices Act, breach of contract, unjust enrichment and for injunctive and declaratory relief and damages under the laws of the State of Ohio against Defendant Ohio Mills Corp., hereby states and avers as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. This Court has jurisdiction over the Counts in this Complaint under the Trademark Act of 1946, as amended ("The Lanham Act"), 15 U.S.C. § 1051, *et seq.*, under the common law and statutory law of the state of Ohio, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338, 2201 and/or 2202, and O.R.C. § 4165.02.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) as Defendant transacts business in the Southern District of Ohio, including within Franklin County, and a substantial part of the events giving rise to Plaintiff's claims occurred and continue to occur in the District.

## STATEMENT OF THE PARTIES

3. Plaintiff Special Olympics Ohio ("SOOH") is a non-profit organization formed as a 501(C)(3) corporate entity and existing under the laws of the State of Ohio, and maintains a place of business at 921 Eastwind Drive, Suite 120, Westerville, Ohio 43081.

4. Upon information and belief, Defendant Ohio Mills Corp., Inc. ("Ohio Mills") is a business incorporated under the laws of the State of Ohio, having a place of business in 1719 East 39th Street, Cleveland, Ohio 44114.

5. Upon information and belief, Ronald M. Katz, Jr. ("Mr. Katz") is an individual whose last known address is 24960 Fairmount Blvd, Beachwood, Ohio 44122, in Cuyahoga County in the State of Ohio, and is sole owner, statutory agent and President of Ohio Mills.

## STATEMENT OF FACTS

6. For decades, Ohio Mills had a contractual relationship with SOOH and three other Special Olympics organizations in Indiana, Kentucky and Pennsylvania.

7. The four Special Olympics organizations entered into a valid and enforceable contract with Ohio Mills wherein Ohio Mills was permitted to use the Special Olympics name and logo (the "Logos") affixed to clothing bins which were placed, at the discretion of Ohio Mills,

on various private premises, such as gas stations and fast-food restaurants, to collect donor clothing for the purpose of recycling the clothing at a textile recycling plant and generating a profit from the recycled textiles (the "Contract"). SOOH no longer has possession of the Contract's original copy, but a true and accurate copy of the Contract's April 23, 2018 renewal, executed by the Parties, is attached hereto and incorporated herein as Exhibit A.

8. Pursuant to the Contract, Ohio Mills was obligated to submit payment continuously each month to SOOH in the amount of five thousand dollars from the amounts Ohio Mills earned from recycling donated clothes at the textile plant.

9. In April 2018, the Parties agreed in a signed writing to renew their Contract and in exchange for the renewal, Ohio Mills agreed to increase SOOH's monthly payment by one thousand dollars per month, rendering a total monthly payment of six thousand dollars. *See* Exhibit A, ¶ 2(B). Special Olympics Pennsylvania was not a party to the Contract at that time.

10. The SOOH location has been in existence for fifty years and is derived from its principal entity, Special Olympics, located at 2600 Virginia Avenue, 10th Floor, NW Washington, District of Colombia 20037.

11. SOOH utilizes the same logo registered by Special Olympics, registered with the United States Patent Trademark Office under U.S. Registration No. 1694834, depicted below (the "Mark").



12. Special Olympics has owned the Mark since 1992.

13. Special Olympics filed for renewal of its ownership of the Mark in 2022.

14. Special Olympics is the current and sole owner of the Mark, and it has authorized all Special Olympics entities across the United States, including Plaintiff, to utilize the Mark owned by Special Olympics.

15. In addition to utilizing the Mark in connection with SOOH's affiliation with Special Olympics, SOOH has used the name "Special Olympics Ohio" since 1975.

16. Through its use of the name "Special Olympics Ohio" for the last fifty years, SOOH has earned common law trademark rights in the use of its name.

17. Pursuant to the Contract, Ohio Mills was permitted to use SOOH's name, "Special Olympics Ohio," and the Mark owned by Special Olympics on its signage affixed to its various clothing bins around Ohio, depicted below (the "Logos").





18. Upon information and belief, Ohio Mills has affixed such SOOH signage on more than eight hundred bins across the State of Ohio.

19. Throughout the duration of the Contract, SOOH granted Ohio Mills a license to use the Logos containing SOOH's trademarked name and the Special Olympics' Mark.

20. Since the beginning of Ohio Mills' relationship with Special Olympics Ohio and predating the 2018 Contract significantly, Ohio Mills has consistently failed to pay the amounts owed to SOOH pursuant to the Contract.

21. Ohio Mills' failures to pay amounts owed to SOOH have been repetitive and consistent throughout the entirety of the Parties' relationship.

22. In 2021, in negotiations regarding Ohio Mills' many breaches of the Contract, SOOH permitted Ohio Mills to utilize a payment plan wherein SOOH "wrote off" thirty three thousand dollars and Ohio Mills was permitted to pay the overdue amount in installments.

23. Ohio Mills again failed to pay the amounts owed to SOOH.

24. Ohio Mills remained in material breach of the Contract for four additional years despite intermittently making minimal payments.

25. Ohio Mills last made payment to SOOH in March 2024 and at that time, Ohio Mills was ten months in arrears.

26. By February 2025, the outstanding amount owed to SOOH rose to sixty five thousand dollars.

27. On February 19, 2025, SOOH sent correspondence to Defendant's counsel demanding payment of the sixty five thousand dollars and confirmation of the Logos' removal by March 1, 2025 (the "Letter"). A true and accurate copy of the Letter is attached hereto and incorporated herein as Exhibit B.

28. Pursuant to the Letter, SOOH terminated the Contract on February 19, 2025 due to Ohio Mills' material breach, and consequently revoked authorization of Ohio Mills' license to use the Logos containing SOOH's trademarked name and the Special Olympics Mark.

29. Defendant failed to remove the Logos by March 1, 2025 and, in fact, continue to use the logos for its own benefit.

30. Upon information and belief, Defendant continues to use the Logos on its clothing bins, over eight hundred in the State of Ohio.

31. Upon information and belief, Defendant failed to properly register Ohio Mills as a Professional Fundraiser with the Ohio Attorney General.

7

32. Upon information and belief, Defendant is unlawfully soliciting charitable activities in violation of state law.

33. Despite SOOH's efforts, Defendant has, with full knowledge of SOOH's rights and Federal Trademark Registration, ignored SOOH's demands and continues to use SOOH's trademarked name and Special Olympics' Mark in a manner calculated to cause confusion, mistake, or to deceive the public as to the source of Defendant Ohio Mills' goods and services or cause a false belief that SOOH is associated with Defendant.

34. Defendant's use of the Mark is intended to capitalize on the goodwill associated with SOOH's registered and common law marks and to mislead the public into believing Defendant's services are authorized, connected with, sponsored, and/or approved by SOOH.

35. By such wrongful acts, Defendant has caused, and unless restrained by the Court, will continue to cause, serious and irreparable injury and damage to SOOH and to the goodwill associated with its Mark. These wrongful acts have caused, and will continue to cause, grave injury to the public.

36. By using SOOH's trademarked name and Mark, Defendant is subjecting the reputation and goodwill of SOOH in its trademark to irreparable injury and harm by reason of acts of Defendant or others over whom SOOH has no control.

37. Unless the foregoing acts of Defendant's are enjoined, SOOH has no adequate remedy at law.

## COUNT I – LANHAM ACT TRADEMARK INFRINGEMENT OF REGISTERED MARK

38. SOOH realleges and incorporates by reference the allegations of all preceding Paragraphs as if fully restated herein.

39. SOOH is subject to federal trademark infringement of its federally registered Special Olympics Mark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

40. The foregoing activities of Defendant constitute a use in commerce of a reproduction or colorable imitation of the registered Special Olympics Mark in connection with the sale, offering for sale, distribution, and advertising of Defendant's goods and services, which is likely to cause confusion, or to cause mistake or to deceive.

41. Defendant engaged in its infringing activity despite having constructive notice of SOOH's federal registration rights under 15 U.S.C. § 1051, *et seq.*, and, upon information and belief, despite having actual knowledge of SOOH's use of the Special Olympics Mark.

42. Defendant's actions are likely to mislead the public into concluding its goods originate with or are authorized by SOOH, which will damage SOOH and the public. SOOH has no control over the quality of services provided by Defendant and because the source confusion caused by Defendant, SOOH has lost control over its valuable goodwill.

43. Defendant has advertised and offered its services to the public using the SOOH trademarked name and Special Olympics Mark with the intention of misleading, deceiving, or confusing the public and consumers as to the origin of its goods and of trading on SOOH's reputation and goodwill. Defendant's use of SOOH's name and Mark constitute willful, deliberate, and intentional trademark infringement.

44. SOOH has requested in writing that Defendant cease and desist from its infringing actions, but Defendant failed to comply with them. SOOH's letter to Defendant is appended as SOOH's Exhibit B.

45. Defendant's unauthorized use of the SOOH name and Mark in interstate commerce as described above constitute trademark infringement under 15 U.S.C. § 1114(1) and have caused and are likely to continue to cause consumer confusion, mistake, or deception.

46. As a result of Defendant's conduct, SOOH has suffered damages, as well as continuing loss of the goodwill and reputation established by SOOH in its trademarks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which SOOH has no adequate remedy at law. SOOH will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct. SOOH has no adequate remedy at law for the damages caused thereby.

**COUNT II – LANHAM ACT TRADEMARK INFRINGEMENT COMMON LAW**

47. SOOH realleges and incorporates by reference the allegations of all preceding Paragraphs as if fully restated herein.

48. SOOH is subject to federal trademark infringement of its Common Law Marks under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49. The foregoing activities of Defendant constitute a use in commerce of a reproduction or colorable imitation of the Common Law Mark in connection with the sale, offering for sale, distribution, and advertising of Defendant's goods and services, which is likely to cause confusion, or to cause mistake or to deceive.

50. Defendant has engaged in its infringing activity, despite having actual knowledge of SOOH's Common Law Mark.

51. Defendant's actions are likely to mislead the public into concluding its goods originate with or are authorized by SOOH, which will damage SOOH and the public. SOOH has no

control over the quality of services provided by Defendant and because the source confusion caused by Defendant, SOOH has lost control over its valuable goodwill.

52. Defendant has advertised and offered its services to the public using the SOOH trademarked name and Special Olympics Mark with the intention of misleading, deceiving, or confusing the public and consumers as to the origin of its goods and of trading on SOOH's reputation and goodwill. Defendant's use of SOOH's name and Mark constitutes willful, deliberate, and intentional trademark infringement.

53. SOOH has requested in writing that Defendant cease and desist from its infringing actions, but Defendant failed to comply with them. SOOH's Letter is appended herein as SOOH's Exhibit B.

54. Defendant's unauthorized use of the SOOH name and Mark in interstate commerce as described above constitute trademark infringement under 15 U.S.C. § 1114(1) and have caused and are likely to continue to cause consumer confusion, mistake, or deception.

55. As a result of Defendant's conduct, SOOH has suffered damages, as well as continuing loss of the goodwill and reputation established by SOOH in its trademarks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which SOOH has no adequate remedy at law. SOOH will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct. SOOH has no adequate remedy at law for the damages caused thereby.

## **COUNT III – OHIO COMMON LAW TRADEMARK INFRINGEMENT**

56. SOOH realleges and incorporates by reference the allegations of all preceding Paragraphs as if fully restated herein.

57. SOOH is subject to common law trademark infringement under Ohio law.

58. SOOH's Marks have acquired secondary meaning and have become distinctive marks denoting its goodwill and charitable contributions to the public to the eye and mind of the public. Because of such reputation and public awareness, SOOH has established valuable goodwill in connection with its Marks.

59. Defendant, by its enumerated acts, have unlawfully violated and infringed upon the rights of SOOH in its Marks.

60. As a result of Defendant's conduct, SOOH has suffered damages, as well as continuing loss of the goodwill and reputation established by SOOH in its trademarks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which SOOH has no adequate remedy at law. SOOH will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct. SOOH has no adequate remedy at law for the damages caused thereby.

## COUNT IV – OHIO DECEPTIVE TRADE PRACTICES

61. SOOH realleges and incorporates by reference the allegations of all preceding Paragraphs as if fully restated herein.

62. Defendant is subject to violations of the Ohio Deceptive Trade Practices Act under O.R.C. § 4165.02.

63. The foregoing acts of Defendant constitute deceptive trade practices under the Ohio Deceptive Trade Practices Act.

64. As a result of Defendant's conduct, SOOH has suffered damages, as well as continuing loss of the goodwill and reputation established by SOOH in its trademarks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which SOOH has no adequate remedy at law. SOOH will continue to suffer

irreparable harm unless this Court enjoins Defendant's conduct. SOOH has no adequate remedy at law for the damages caused thereby.

## COUNT V – BREACH OF CONTRACT

65. SOOH realleges and incorporates by reference the allegations of all preceding Paragraphs as if fully restated herein.

66. SOOH and Ohio Mills were in a valid and enforceable contractual relationship, supported by valid consideration, and all of which was memorialized by the Contract.

67. SOOH met its obligations under the Contract and permitted Ohio Mills a license to use its Logos on the clothing bins.

68. Ohio Mills failed to meet its obligations by refusing to pay SOOH $65,000.

69. Failure to pay SOOH pursuant to the Contract is a material breach of the Contract.

70. Upon information and belief, Ohio Mills has received the payment from which it is obligated to pay SOOH.

71. As a direct, foreseeable, proximate cause of Ohio Mills' breach of the Contract, SOOH has been damaged in an amount in excess of $25,000 with the exact amount to be proven at trial.

## COUNT VI – UNJUST ENRICHMENT

72. SOOH realleges and incorporates by reference the allegations of all preceding Paragraphs as if fully restated herein.

73. SOOH and Ohio Mills were in a valid and enforceable contractual relationship, supported by valid consideration, and all of which was memorialized by the Contract.

74. SOOH met its obligations under the Contract and permitted Ohio Mills a license to use its Logos on the clothing bins.

75. Ohio Mills failed to meet its obligations by refusing to pay SOOH $65,000.

76. Failure to pay SOOH pursuant to the Contract is a material breach of the Contract.

77. Upon information and belief, Ohio Mills has received the payment from which it is obligated to pay SOOH.

78. As a direct, foreseeable, proximate cause of Ohio Mills' breach of the Contract, SOOH has been damaged in an amount in excess of $25,000 with the exact amount to be proven at trial.

## **DEMAND FOR RELIEF**

**WHEREFORE**, in consideration of the foregoing, SOOH respectfully requests this Court **ENTER AN ORDER AND JUDGMENT** as follows:

A. An Entry and Order finding U.S. Registration No. is valid and enforceable; that Defendant infringed on SOOH's rights in said registration under 15 U.S.C. 1114, and that such infringement was willful under 15 U.S.C. 1117;

B. An Entry and Order finding Defendant violated 15 U.S.C. 1125(a) by infringing on SOOH's rights in the Special Olympics Mark and the SOOH trademarked name, and that such acts of Defendant constitute willful infringement under 15 U.S.C. 1117;

C. An Entry and Order finding Defendant violated the Ohio common law of trademark infringement by infringing upon SOOH's rights in its trademarked name and Special Olympics Mark;

D. An Entry and Order on a permanent basis, pursuant to 15 U.S.C. 1116(a), requiring Defendant, and its officers, agents, servants, affiliates, employees, attorneys and representatives and all those in privity or acting in concert with it and each and all of them be permanently enjoined and restrained from directly or indirectly:

1. Using in any manner the SOOH name and Special Olympics Mark, any term confusingly similar thereto or any colorable imitation thereof as a party of a trademark or service mark alone or in combination with other words, names, styles, titles, or marks in connection with selling, offering for sale, distributing, exporting or advertising any goods or services;

2. Using in any manner the SOOH name and Special Olympics Mark, any term confusingly similar thereto or any colorable imitation thereof as a part of a trademark or service mark alone or in combination with other words, names, styles, titles or marks confusingly similar to the SOOH name and Special Olympics Mark, in connection with any business that Defendants conduct, own or control;

3. Holding itself out as the owner of or a company authorized to use a mark confusingly similar to, the SOOH name and the Special Olympics Mark;

4. Performing any actions or using any words, names, styles, titles, or marks which are likely to cause confusion, to cause mistake or to deceive; or to otherwise mislead the trade or public into believing SOOH and Defendant are one and the same or are in some way connected; or that SOOH is a sponsor of Defendant; or that Defendant is in some manner affiliated or associated with, or under the supervision or control of SOOH; or that the goods or services of Defendant's originate with SOOH or are conducted or offered with the approval, consent or authorization, or under the supervision of SOOH; or are likely in any way to lead the trade or public to associate Defendant with SOOH;

5. Using in any manner any names, phrases, logos and/or marks which create a likelihood of injury to the business reputation of SOOH, or a likelihood of misappropriation or

dilution of the SOOH name and Special Olympics Mark and the goodwill associated therewith; and

6. Using any trade practices whatsoever, including those complained of herein, which tend to compete unfairly with or injure SOOH's business and the goodwill attached thereto.

E. An Order, pursuant to 15 U.S.C. 1118 that Defendant be required to deliver up for destruction, at its expense, all stationary, business forms, signs, advertisements, labels, brochures, promotional materials, and other written materials;

F. An Order, pursuant to 15 U.S.C. 1117 that Defendant be required to pay to SOOH all of SOOH's legal and litigation expenses, including reasonable attorney's fees and the costs of defending the Special Olympics Mark and the defense of this action;

G. Regarding claim V, breach of contract, Judgment in favor of SOOH and against Defendant and an award of damages in excess of $25,000, plus "interest in the amount of eighteen per cent per annum of the payment due, beginning on the eleventh day following the receipt of payment from the owner and ending on the date of full payment of the payment due plus interest to the subcontractor," as provided in R.C. §4113.61, with the exact amount to be determined at trial;

H. Regarding claim VI, unjust enrichment, Judgment in favor of SOOH and against Defendant and an award of damages in excess of $25,000, plus "interest in the amount of eighteen per cent per annum of the payment due, beginning on the eleventh day following the receipt of payment from the owner and ending on the date of full payment of the payment due plus interest to the subcontractor," as provided in R.C. §4113.61, with the exact amount to be determined at trial;

I. An Entry and Order awarded SOOH punitive and exemplary damages against Defendant and in favor of SOOH by reason of Defendant's fraud and palming off;

J. An Order that Defendant be required to pay to SOOH pre-judgment interest on the amount awarded and post-judgment until paid, at a lawful rate; and

K. For an Order piercing the corporate veil as to Ohio Mills' owner, Ronald M. Katz, and holding him joint and severally liable for all damages awarded against Ohio Mills in Special Olympics Ohio's favor; and

L. An Order granting SOOH any such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

SOOH demands trial by jury on all issues so triable.

Dated: April 25, 2025

Respectfully submitted,

CARLILE PATCHEN & MURPHY LLP

/s/ *Grace E. Dunn*
Grace E. Dunn (0103293)
Bryan M. Pritikin (0084933)
950 Goodale Blvd, Suite 200
Columbus, Ohio 43212
Phone: (614) 228-6135
Fax: (614) 221-0216
gdunn@cpmlaw.com
bpritikin@cpmlaw.com

*Attorneys for Plaintiff Special Olympics Ohio*